[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

No. 05-11782
Non-Argument Calendar

_____

D. C. Docket No. 03-00435-CV-CAR-5

THERESA A. GODFREY,

Plaintiff-Appellant,

versus

GEORGIA PACIFIC RESINS, INC.,
a foreign corporation and a wholly
owned subsidiary of Georgia-Pacific,
Inc.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(August 15, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Theresa Godfrey sued Georgia-Pacific Resins, Inc. ("GP Resins") in the Superior Court of Dooly County, Georgia, for wrongful termination. Her complaint essentially alleged that she was fired in retaliation for reporting sexual harassment. GP Resins removed the case to the federal district court based on the federal nature of Godfrey's retaliation and sexual harassment claims. Godfrey did not move to remand back to state court.

After discovery, GP Resins moved for summary judgment on Godfrey's claims, asserting that the record conclusively established that she had been terminated because she tested positive for drugs when GP Resins conducted a plant wide drug test. Godfrey's response to the motion for summary judgment asserted for the first time that she was not stating a claim under Title VII, but for the tort of intentional infliction of emotional distress. She argues on appeal that because she was not making a Title VII claim, the district court lacked subject matter jurisdiction to grant summary judgment. She maintains that instead of granting summary judgment, the district court should have denied the motion and sua sponte remanded the case to state court. We find no merit in these arguments.

**AFFIRMED.**